# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| CLIFTON TYLER ALLEN, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>AIS INFOSOURCE, L.P.<br><br>  Defendant. | **Case No.: 4:25-cv-03462**<br><br><br>Assigned to Hon. Alfed H. Bennett |
| STEVEN GETMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>AIS INFOSOURCE, L.P.**,**<br><br>  Defendant. | **Case No.: 4:25-cv-03508**<br><br><br>Assigned to Hon. Andrew S Hanen |
| ROBIN RAYCHELLE PETTY**,** individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>AIS INFOSOURCE, L.P.,<br><br>  Defendant. | **Case No.: 4:25-cv-03538**<br><br><br>Assigned to Hon. Sim Lake |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE ACTIONS
## <u>AND APPOINT INTERIM CO-LEAD CLASS COUNSEL</u>

Plaintiffs in the above-captioned actions ("Plaintiffs"), individually, and on behalf of all those similarly situated, respectfully request that the Court: (1) pursuant to Federal Rule of Civil Procedure 42(a), consolidate the above-styled actions into to the first-filed *Allen* action, as well as any other future actions filed or transferred related actions ("Related Actions") against Defendant AIS InfoSource, L.P. ("AIS" or "Defendant") under the new case style: "*In re AIS InfoSource Data Breach Litigation*"; (2) appoint Plaintiffs' counsel, Andrew Shamis of Shamis & Gentile, P.A., J. Gerard Stranch, IV of Stranch, Jennings, & Garvey PLLC, and Lynn A. Toops of CohenMalad, LLP as Interim Co-Lead Class Counsel ("Proposed Interim Class Counsel"); (3) stay the related actions, including any of the Defendant's responsive pleading deadlines; and (4) the Parties also request that the Court set a schedule, allowing Plaintiffs to file a Consolidated Complaint thirty (30) days after the Court grants this motion and for Defendants to answer or otherwise respond to the consolidated pleading within forty-five (45) days. If a motion to dismiss is filed, Plaintiffs request forty-five (45) days to file a response thereto, and Defendants request twenty-one (21) days to reply.

As set forth in the accompanying Certificate of Conference, on August 4, 2025, Plaintiff's Counsel in the *Allen* matter met and conferred with Kayleigh Watson of Mullen Coughlin LLC, counsel for Defendant AIS InfoSource, L.P., and was informed that Defendant does not oppose consolidation and takes no position on leadership.

As discussed below, consolidation is proper because each case: (i) is brought against the same Defendant; (ii) is based on the same data incident ("Data Breach") announced by AIS on or about July 21, 2025; (iii) asserts the same/overlapping allegations and claims; and (iv) seeks to represent the same/overlapping classes. Given the common facts and claims asserted in the actions, consolidation will streamline litigation and preserve judicial and party resources.

## I.      INTRODUCTION

Plaintiff, Clifton Tyler Allen, filed his Class Action Complaint on July 25, 2025, seeking to hold AIS liable for disclosure of personally identifiable information ("PII") belonging to Plaintiff and tens of thousands of other individuals affected by the Data Breach. Subsequent to the filing of *Allen*, two other Related Actions were filed in this Court arising from the same Data Breach and operative facts and asserting substantially identical claims on behalf of overlapping putative classes, making consolidation into the first-filed case appropriate.

## II.      COMPLAINT ALLEGATIONS AND PROCEDURAL BACKGROUND

### A.      The Data Breach

AIS provides various back-office processing and automation services to financial institutions. *Allen* Compl., ECF No. 1, ¶ 1. Plaintiffs in this action allege Defendant collected and inadequately maintained their and the putative class members' PII, including Social Security numbers, resulting in the Data Breach. *Id.* ¶ 2. AIS reported that the PII included, at least names, Social Security numbers, and financial account numbers. The Related Actions seek to remedy Defendant's failures and the consequences therefrom. Plaintiffs in the above-captioned cases filed their complaints as putative class actions on behalf of themselves and all others whose PII was exposed during the Data Breach.

### B.      Consolidation of the Related Actions

The Related Actions before this Court are substantially the same and consolidation is appropriate. Each lawsuit arises from the same common set of alleged operative facts: the Data Breach. Due to each Plaintiffs' reliance on the same set of alleged operative facts, all Plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The

Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding, which will preserve party and judicial resources.

### III.   <u>ARGUMENT AND AUTHORITIES</u>

#### A.   Legal Standard for Consolidation

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law **or** fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

(emphasis added). "Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) (quoting Fed. R. Civ. P. 42(a)); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.").

"The purpose of consolidation is to permit trial convenience and economy in administration." *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d at 1014 (citation omitted). Accordingly, "district judges have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1013 (citation, quotations, and alterations omitted); *see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay."). The following factors are pertinent to whether to consolidate actions:

> (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will

reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*Bayati v. GWG Holdings, Inc.*, 3:22-CV-0410-B, 2023 WL 5925880 *2 (N.D. Tex. Sept. 12, 2023).

**B.  The Related Actions Should be Consolidated with *Allen*.**

Each Related Action involves common questions of law and fact, and all relevant factors weigh in favor of consolidation, which will promote efficiency and uniformity without prejudicing any party. The Court should therefore consolidate all Related Actions with this first-filed case.

All Related Actions involve common factual and legal questions as they arise from the same occurrence: the Data Breach. Courts have recognized that consolidation is appropriate where multiple actions arise from the same data breach event. *See, e.g.*, *Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate because "Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ("it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident).

Because all Related Actions are filed in this District, the first factor guiding the Court's analysis weighs in favor of consolidation. *See U.S. ex rel Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (first factor satisfied when "the cases are pending in the same court"); *Zolezzi v. Celadon Trucking Servs., Inc.*, No. CIV.A.H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009) (first factor satisfied where both actions filed in same district and division).

The second factor is likewise satisfied because all Related Actions are against Defendant and seek to certify national classes of similarly situated individuals whose PII was compromised

in the Data Breach. *See Lockhart*, 2024 WL 303253, at *2 (fact that all cases filed on behalf of same class of data breach victims against same defendant supports consolidation); *Bayati*, 2023 WL 5925880, at *2 (consolidating actions filed on behalf of same proposed class against same defendant); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (ordering consolidation where "[b]oth cases involve essentially the same parties").

The third and fourth factors also favor consolidation. On one hand, trying the Related Actions separately would risk inconsistent findings and rulings in each case arising from the same Data Breach, brought on behalf of the same putative class of individuals affected, against the same Defendant. *See Lockhart*, 2024 WL 303253, at *2 ( "[c]onsolidation will ensure consistent rulings and promote judicial economy" where three cases asserted "causes of action based on the same data breach resulting from the same cyberattack"); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be tried separately before different judges[.]"). On the other hand, "[a]ny prejudice to the parties flowing from the consolidation would be minimal in comparison to these considerations." *Id.*; *see also Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi*, 2009 WL 736057, at *2 ("[T]he risk of prejudice or confusion if the cases are consolidated is minimal. This risk is, therefore, outweighed by the risk of inconsistent judgments should the cases be tried separately.").

Regarding the fifth factor, consolidation will certainly reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for the three cases arising from the same Data Breach, involving the same Defendant and putative classes, and the same factual and legal issues. This factor thus weighs in favor of consolidation. *See Bayati*, 2023 WL 5925880, at *2 (where two actions "make nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "would therefore promote judicial efficiency"); *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

Finally, because all Related Actions are at the same early procedural stage—complaints are filed, but there have been no responsive pleadings and no scheduling orders entered—the sixth factor weighs in favor of consolidation. *See Doe (S.M.A.) v. Salesforce, Inc*., No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases at the same pre-trial stage); *Arnold & Co.*, 2013 WL 1411773, at *2 (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred"); *Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (ordering consolidation where "[n]either case has been set on schedule yet, so the litigation is at the same stage in both").

Accordingly, because all factors weigh in favor of consolidation, consolidating the Related Actions "is not only appropriate, but would promote this Court's judicial efficiency and economy and would tend to avoid unnecessary costs or delay." *Mayfield*, 2003 WL 21250935, at *2. The Court should therefore consolidate the Related Actions into this first-filed case.

### C. Legal Standard for Appointment of Interim Class Counsel.

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIG. ("MCL") § 21.11 (4th ed. 2004).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See Kjessler v. Zaappaaz, Inc*., No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc*., 318 F.R.D. 17, 18 (S.D.N.Y. 2016); *In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008).) Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### i. Appointment of Interim Class Counsel is Appropriate

Proposed Interim Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys and their firms have successfully litigated numerous

class actions involving privacy claims on behalf of tens of millions of consumers. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from each of the cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Class Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, support of all Plaintiffs and their counsel from the Related Actions, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiffs' motion. Proposed Interim Class Counsels' work, experience, knowledge, resources, and successful track record litigating consumer data breach cases demonstrate that they are superbly qualified to represent the Proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23.

### a. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig.*, No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things: investigating the facts surrounding the Data Breach; interviewing numerous consumers injured by the Data Breach; researching legal claims; consulting with potential liability and damage experts; drafting initial pleadings; and

organizing Plaintiffs and their counsel and discussing consolidating the relevant actions for unified proceedings and preparing the consolidation and proposed leadership papers.

Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Class Counsel are organized, unified, and committed to working together for the best interests of the class. *Dependable Component Supply Corp. v. Murata Mfg. Co*., No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation).

### b. Proposed Leadership Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Litigation.

A primary factor in selecting interim counsel is their experience, skill, knowledge, and familiarity with the relevant law. *See, e.g.*, *In re Meta Pixel Healthcare Litig*., No. 22-CV-03580-WHO, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022). As demonstrated below, Proposed Interim Class Counsel each have substantial data breach class-action experience, resources, and knowledge that will undoubtedly benefit the putative class as this litigation proceeds.

### **Proposed Interim Co-Lead Counsel**

*Andrew Shamis of Shamis & Gentile, P.A.*[1]

Andrew Shamis is the managing partner at Shamis & Gentile, P.A. where he heads the class action and mass torts division of the firm. Shamis & Gentile, P.A. stands out as a leading Plaintiff's firm in consumer class actions, with a well-earned reputation as zealous advocates for consumer rights. Shamis & Gentile, P.A. litigates cases on a broad range of industries, including banking, insurance, data privacy, deceptive trade practices and product liability.

---

[1] More information on Mr. Shamis and his firm can be found in the Shamis & Gentile firm resume attached hereto as Exhibit A.

Mr. Shamis is well qualified to lead this litigation, where he would draw on his expertise, skill, and extensive experience in civil litigation which has helped him recover over *1 billion dollars* for consumers and plaintiffs throughout the country, including in numerous actions representing consumer privacy claims[1]. Mr. Shamis is routinely certified class counsel which has resulted in many favorable class settlements and millions of dollars in recovery for consumers nationwide. Mr. Shamis is currently litigating dozens of data breach class actions in U.S. District Courts and State Courts across the Country.

Mr. Shamis' extensive experience in complex consumer class actions is evident in Shamis & Gentile's successes in obtaining certification in numerous contested class actions, including *Freeman v. Progressive Direct Ins. Co.*, No. 1:2021-cv-03798 (D.S.C.), *Volino, et. al. v. Progressive Cas. Ins. Co., et al.*, No. 1:21-cv-06243 (S.D.N.Y.), *Drummond, et. al. v. Progressive Specialty Ins. Co., et. al.*, No. 5:21-cv-04479 (E.D. Pa.), *Brown, et. al. v. Progressive Mountain Ins. Co., et. al.*, No. 3:21-cv-00175 (N.D. Ga.), *Costello v. Mountain Laurel Assurance Co.*, No. 2:2022-cv-00035 (E.D. Tenn.), *Davenport, et. al. v. Progressive Direct Ins. Co., et. al.*, No. CV 22 961647, (Cuyahoga County, Ohio), *Curran v. Progressive Preferred Ins. Co.*, No. 1:2022-cv-00878 (D. Colo.), *Reynolds, et. al. v. Progressive Direct Ins. Co., et. al.*, No. 5:2022-cv-00503 (N.D. Al.), *Schroeder, et. al. v. Progressive Paloverde Ins. Co., et. al.*, No. 1:2022-cv-00946 (S.D. Ind.), *Angell, et al. v. GEICO Advantage Insurance Company, et al.*, No. 4:20-CV-00799 (S.D. Tex.), and *In re: Geico General Insurance Co.*, Case No. 4:19-cv-03768 (N.D. Cal.).

In connection with litigating class cases throughout the country, Mr. Shamis has made it a point to become a permanent member of many bars to effectively represent those communities. Mr. Shamis is admitted to practice law in the states of Arizona, Florida, Georgia, Illinois,

Missouri, New York, Ohio, Texas, and Washington as well as the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Northern, Eastern, Western, and Southern Districts of New York, Northern, Southern, Central Districts of Illinois, Northern, Middle, and Southern Districts of Georgia, Eastern and Western Districts of Michigan, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Ohio, Eastern and Western Districts of Missouri, Eastern, Western, and Northern Districts of Oklahoma, Northern, Western, Eastern, and Southern Districts of Texas, Southern District of Indiana, U.S. District Court of Colorado, U.S. District Court of Connecticut, U.S. District Court of Arizona, and the U.S. District Court of Nebraska.

In all, Mr. Shamis' professional extensive experience in prosecuting class actions, expertise, and substantial successes throughout the country make him well qualified to co-lead this litigation.

### J. Gerard Stranch IV of Stranch, Jennings, & Garvey PLLC

J. Gerard Stranch, IV is a third-generation trial lawyer with deep and broad experience representing consumers against some of the largest and most well-resourced companies in the country. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC ("SJG")—the largest and most successful Tennessee-based class action firm. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-md-

02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, No. 13-md-02419 (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388 (D. Mass.), a case that resulted in a $590.5 million settlement shortly before trial.

Earlier in his career, Mr. Stranch was named to the 40 Under 40 list by the National Trial Lawyers Association. Indeed, when beneficial to his clients, Mr. Stranch is more than willing to take any case to trial. For example, Mr. Stranch's firm recently took Abbott Laboratories to trial in a bellwether infant formula case, which resulted in a nearly $500 million jury verdict. *Gill v. Abbott Labs.*, No. 2322-CC01251 (Mo. Cir. Ct.).

In addition, Mr. Stranch has deep experience representing consumers in class action litigation, especially in data breach cases. Indeed, Mr. Stranch has significant knowledge of the claims and defenses brought in data breach and other privacy class actions specifically because he has litigated these matters in courts across the country. For example, Mr. Stranch served as co-lead in *In re CorrectCare Data Breach Litig.*, No. 5:22-cv-319 (E.D. Ky.), negotiating a 6.49 million dollar settlement. In *Doe v. SSM & Navvis*, No. 2422-CC-00208 (Mo. Cir. Ct.) (final approval pending), the firm represented the class as class counsel, resulting in a $6.5 million settlement. In *Owens v. MGM Resorts International*, No. 2:23-cv-01480 (D. Nev.), Mr. Stranch was appointed as co-lead class counsel to represent a class of customers affected by a 2023 data breach. Along with co-counsel, Mr. Stranch negotiated a $45 million settlement as part of an agreement to resolve claims arising under both of MGM's 2019 and 2023 data breaches. In *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127 (W.D. Tenn.) (preliminary approval pending), Mr. Stranch successfully petitioned for

centralizing in an MDL and was ultimately named interim lead counsel. Mr. Stranch then successfully negotiated a nearly $12 million settlement. In *Lewis v. Mountain View Hospital, LLC*, No. 3:24-cv-00175 (M.D. Tenn.), Mr. Stranch served as lead counsel on behalf of the more than 400,000 class members and negotiated a settlement worth up to $4.4 million. And in a recent online privacy case, *Doe et al v. HSCGP, Inc.*, No. 23C2513 (Tenn. Cir. Ct.), Mr. Stranch negotiated a settlement valued at approximately $23 million to redress alleged privacy violations related to disclosure of health information to Meta.

Indeed, these are a small fraction of the hundreds of privacy class actions that Mr. Stranch has litigated. *See Martinez et al. v. Presbyterian Healthcare Services*, No. D-202-CV-2020-01578 (N.M. Dist. Ct.) (class of 1,047,428 individuals); *Owens v. U.S. Radiology Specialists Inc. et al.*, No. 22 CVS 17797 (N.C. Super. Ct.); *In re Goodman Campbell Brain & Spine Data Incident Litig.*, No. 49D01-2207-PL-024807 (Ind. Super. Ct.); *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees); *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action); *Goodlett v. Brown-Forman*, No. 20-CI-005631 (Jefferson Cty. Ky. Cir. Ct.); *Reese v. Teen Challenge Training Ctr., Inc.*, No. 210400093 (Phil. Cty. Pa. Ct. Comm. Pl.); *Black v. Smith Transport, Inc.*, No. 2022 GM 3110 (Blair Cty. Pa. Ct. Comm. Pl.) (final approval pending); *K.B. E. Tenn. Children's Hosp. Ass'n*, No. C2LA0081 (Tenn. Cir. Ct.); *Henck v. Squirrel Hill Health Ctr.*, No. GD-21-014637 (Pa. Ct. Comm. Pls.); *Edwards v. Concord Music Grp.*, No. 24C2675 (Tenn. Cir. Ct.); *Bauer v. BJC Health Sys.*, No. 2022-CC-09492 (Mo. Cir.

Ct.); *Castaneda v. Ardagh Glass, Inc.*, No. 1:23-cv-02214 (S.D. Ind.); *O'Neal v. Quaker Window Prods.*, No. 24OS-CC-00002 (Mo. Cir. Ct.).

Given Mr. Stranch's deep experience in data breach class actions, he is more than qualified to represent the Class here. SJG's firm resume is attached hereto as Plaintiffs' **Exhibit B**.

### Lynn A. Toops of CohenMalad, LLP

Ms. Toops and her firm of Cohen Malad, LLP ("CM") should be appointed interim class counsel. She is highly qualified to serve in this role, to adequately represent and advance the interests of the class.

Ms. Toops and CM enjoy an excellent reputation as a leading class action law firm across the country. *See, e.g.*, *In re Iowa Ready-Mix Concrete Antitrust Litig.*, No. C 10-4038- MWB (N.D. Iowa Nov. 9, 2011) (commenting that "fabulous results" were achieved for the class with "incredible efficiency"). Indeed, for the past 50 years, CM has served as class counsel in numerous local, statewide, multi-state, nationwide, and even international class actions. *See, e.g.*, *In re Holocaust Victim Assets Litig.*, 105 F. Supp. 2d 139 (E.D.N.Y. 2000) (settlement of $1.25 billion for claims relating to conversion of bank accounts and property of victims of the Holocaust); *Raab v. R. Scott Waddell, in his official capacity as Commissioner of the Indiana Bureau of Motor Vehicles et al.*, Nos. 49D12-1303-PL-008769, 49D11-1310-PL- 038001 (Ind. Super. Ct.) (settlements, including after trial and judgment, of approximately $100 million in overcharges for motor vehicle and license fees). CM has also served in leadership positions in numerous multidistrict litigation matters and state court consolidations of multiple matters. *See, e.g.*, *Pain Pump Device Litig.* (CM served as National Coordinated Counsel); *In re: Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices, and Prods. Liability Litig.*, No. 16-md-

2738-FLW-LHG (D.N.J. Dec. 6, 2016), ECF No. 73 (appointing C&M to plaintiffs' steering committee).

Of particular importance here, Ms. Toops has extensive experience in data breach and privacy matters. Ms. Toops and her team are currently litigating dozens of actions challenging inadequate cybersecurity protocols that resulted in the unauthorized access, theft, and/or distribution of highly sensitive data. Ms. Toops and her team are also currently litigating dozens of actions challenging the use of third-party tracking source code on the websites and patient portals of numerous health institutions across the country. Ms. Toops currently serves as sole lead counsel in other data breach and privacy class actions currently pending in Indianapolis Commercial Court, *In Re: Columbus Regional Hospital Pixel Litigation,* Cause No. 49D01-2412-PL-056314, *In re Gregory & Appel Data Incident Litigation*, No. 49D01-2503-PL-011309. She litigated and negotiated the unprecedented phishing settlement in *McKenzie v. Allconnect*, No. 5:15-cv-00359 (E.D. Ky.), in which a federal district court approved a final settlement for current and former employees of Allconnect whose 2017 Form W-2 data was sent to an unauthorized third party in a phishing attack. The settlement included direct cash payments to every single settlement class member without the need for any claim form submission, a total of seven years of credit monitoring and identity theft protection, and reimbursement for any Settlement Class Member that suffered a documented but otherwise non-covered economic loss from the data breach.

Ms. Toops is the former Chair and Vice Chair of the American Association for Justice's Data Breach Litigation and Privacy Committee and has repeatedly been appointed in leadership of data breach classes consisting of many millions of individuals:

- In July 2025, Ms. Toops was appointed as Co-Lead Interim Class Counsel in *In Re: Cerner/Oracle Data Breach Litigation,* Case No. 24-cv-259-CV-W-BP (Wd. Mo.),

arising out of the data breach of Cerner's legacy servers (now Oracle Health), affecting dozens of health care providers and their patients nationwide.

- In February 2025, Ms. Toops was appointed to the Plaintiffs' Executive Committee in *Faulkner v. MoneyGram Payment Systems, Inc.,* 3:24-cv-02557-X (N.D. Tex.), a consolidated class action arising out of a data breach of MoneyGram, one of the largest money transfer services companies in the world, operating more than 430,000 locations across the globe.

- In November 2024, Ms. Toops was appointed to the Executive Committee in *In Re: Evolve Bank & Trust Customer Data Security Litigation,* No. 24-md-03127-SHL (W.D. Tenn.), a data breach class of over 7.6 million customers.

- In October 2024, Ms. Toops was appointed as Interim Class Counsel in *Owens v. MGM Resorts International,* No. 23-cv-1480-RFB-MDC, a data breach class of 74 million.

- In August 2024, Ms. Toops was appointed to the Executive Committee in *Negron v. Ascension Health*, No. 4:24-cv-669-JAR (E.D. Mo. Aug. 6, 2024), a data breach class of millions of patients nationwide.

- In August 2024, Ms. Toops was appointed to the Plaintiff's Executive Committee in *In Re: HealthEquity, Inc. Data Security Incident Litigation,* No. 2:24-cv-00528 (D. Utah), a data breach class of 4.3 million.

- In October 2023, Ms. Toops was appointed to the Plaintiffs' Executive Committee in *Lurry v. Pharmerica Corporation,* No. 3:23-CV-297-RGJ (W.D. Ky.), a data breach class of 5.8 million.

*See also Smith v. Apria Healthcare, LLC*, Case No. 1:23-cv-01003-JPH-KMB (Dkt. No. 49) (Toops appointed interim co-lead counsel in a data breach class of 1.8 million); *In re Lurie Children's Data Breach Litigation,* Case No. 2024CH00869, (Cook County, Ill.) (same in a case with nearly 1 million class members); *In re CorrectCare Data Breach Litigation*, Case No. 5:22-319-DCR (Feb. 22, 2023) (Dkt. No. 33) (same in a case of nearly 500,000). Ms. Toops' firm resume is attached as **Exhibit C.**

> c. **Proposed Interim Class Counsel Have and Will Continue to Devote Sufficient Resources to this Case.**

The resources that Proposed Interim Class Counsel have already committed and will continue to commit to the case also strongly supports their appointment. As demonstrated above,

Proposed Interim Class Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

### d. Additional Factors Supporting Formal Designation of Proposed Interim Class Counsel.

Plaintiffs' support for the proposed leadership structure favors of appointing Proposed Interim Class Counsel, as does the support of all parties and counsel here. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) (In designating lead counsel, courts "also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an essential attribute for lead counsel.") (internal quotations omitted); MCL §§ 10.22 (noting desirability of "attorneys coordinat[ing] their activities without the court's assistance"), and 10.272. Indeed, after their cases were filed, Proposed Interim Class Counsel moved quickly to coordinate the leadership structure to avoid delay attendant with potential multi-district litigation proceedings due to the egregious nature of Defendant's unlawful conduct. Proposed Interim Class Counsel seek this leadership structure to best serve the interests of the class, and intend to litigate the case zealously while fully aware of the Court's expectation that they prosecute the case efficiently and with no duplication. Thus, they have already discussed how best to organize to effectively use their diverse skills and unique experiences to efficiently prosecute and manage the case while avoiding unnecessary and duplicative billing.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court: (1) consolidate the

Related Actions and future actions into the first-filed action, under the caption: "*In re AIS Infosource Data Breach Litig.*;" (2) Andrew Shamis of, J. Gerard Stranch IV, and Lynn A. Toops of CohenMalad, LLP as Interim Co-Lead Class Counsel; (3) stay the Related Actions, including Defendant's responsive pleading deadlines, and (4) set deadlines for filing a Consolidated Complaint 30 days after consolidation and appointment of leadership; 45 days thereafter for Defendant's response to the Consolidated Complaint, and should Defendant file a Motion to Dismiss, 45 days thereafter for Plaintiffs' response thereto; and 21 days thereafter for Defendant's reply.

Dated: August 5, 2025

Respectfully submitted,

*/s/ Andrew Shamis*
Andrew Shamis, Esq.
TX. Bar No. 24124558
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiff Allen, Plaintiff Getman, and the Proposed Class*

Alexander E. Wolf
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive-Penthouse
Beverly Hills, CA 90212
Tel: (858) 209-6941
awolf@milberg.com

John J. Nelson (*Pro Hac Vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive-Penthouse
Beverly Hills, CA 90212
Tel: (858) 209-6941
jnelson@milberg.com

Lynn A. Toops (*Pro Hac Vice* forthcoming)
**CohenMalad, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Amina A. Thomas (*Pro Hac Vice*
forthcoming)
**CohenMalad, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
athomas@cohenmalad.com

*Counsel for Plaintiff Petty and the Proposed
Class*

J. Gerard Stranch, IV (*Pro Hac Vice
forthcoming*)
Grayson Wells (*Pro Hac Vice forthcoming*)
**STRANCH, JENNINGS & GARVEY,
PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record for each party in the above-captioned actions sought to be consolidated via electronic mail on this 5th day of August, 2025.

/s/ Andrew Shamis
Andrew Shamis, Esq.

Counsel for Plaintiff Allen, Plaintiff
Getman, and the Proposed Class

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that that certain Plaintiff's counsel, specifically Leanna Loginov of Shamis & Gentile, P.A., met and conferred with opposing counsel Kayleigh Watson of Mullen Coughlin LLC, representing Defendant AIS InfoSource, L.P., on August 4, 2025, on the subject of whether Defendant would oppose the foregoing Motion to Consolidate Actions and Appoint Interim Co-Lead Class Counsel, and were informed that Defendant does not oppose consolidation and takes no position on leadership.

Dated: August 5, 2025

/s/ Andrew Shamis
Andrew Shamis, Esq.

Counsel for Plaintiff Allen, Plaintiff
Getman, and the Proposed Class